J-S56026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK NICHOLS | |
| Appellant | No. 566 MDA 2014 |

Appeal from the PCRA Order of March 6, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0001200-2011

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY **WECHT, J.:**          **FILED SEPTEMBER 12, 2014**

Frank Nichols ("Nichols") appeals the March 6, 2014 order that dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On October 27, 2011, [Nichols] pled guilty in the above-captioned case to one count of aggravated assault by vehicle while driving under the influence, one count of driving under the influence, and one count of driving with a suspended or revoked license.[1]  In exchange[,] the other charges pending against [Nichols] were *nolle prossed*, and the parties agreed to a 3 to 6 year sentence.  These charges arose on January 13, 2011 when [Nichols], while driving under the influence of alcohol, drove into

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     75 Pa.C.S.A. §§ 3735.1, 3802(c), and 1543(b)(1), respectively.

oncoming traffic and hit the victim's car, causing serious bodily injury. [Nichols] was represented by Jill Spott, Esq.

On August 15, 2012, [Nichols] filed a Petition for Post Conviction Collateral Relief. Kurt Lynott, Esq. was appointed to represent [Nichols]. On May 21, 2013, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a **Turner-Finley**[2] Letter. On October 31, 2013, this motion was granted and this court issued a Notice of Intent to Dismiss the PCRA petition. On December 12, 2013, the petition was dismissed.

On November 20, 2013, [Nichols] filed a second PCRA petition [after he received his October 23, 2013 denial of parole].

PCRA Court Memorandum and Notice of Intent to Dismiss, 1/30/2014, at 1-2.

On January 30, 2014, the PCRA court filed a memorandum and its notice of intent to dismiss the second PCRA petition pursuant to Pa.R.Crim.P. 907. On March 6, 2014, the PCRA court dismissed the petition.[3] On March 24, 2014, Nichols filed a notice of appeal from the order dismissing his second petition. The PCRA court ordered Nichols to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Nichols timely complied. The trial court relied upon its January 30, 2014 explanation of its reasons for dismissing Nichols' petition.

Nichols presents four issues for review:

---

[2]    **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3]    While the PCRA court's March 6, 2014 order refers to a response from Nichols to the notice of intent to dismiss, no such response was docketed nor does a response appear in the certified record.

1. Did the Lower Court erroneously dismiss [Nichols'] PCRA Petition without considering Newly Discovered Evidence?

2. Was [Nichols'] Guilty Plea Unlawfully Induced Because of a Breach of Plea Agreement?

3. Did the Commonwealth violate the laws of Pennsylvania and United States Constitution?

4. Did the Lower Court commit Governmental Obstruction?

Nichols' Brief at 2.

When reviewing a PCRA court's dismissal of a PCRA petition, we must determine whether the record evidence supports the court's determination and whether the determination is free of legal error. Unless the PCRA court's findings are without record support, we do not disturb those findings. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Before reaching the merits of Nichols' petition,[4] we must determine whether Nichols was permitted to file his second petition. A PCRA court may not entertain a PCRA petition while a prior petition is on appeal. *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Recently, our

_____

[4] Normally, a challenge to continued confinement that does not attack the conviction or sentence would not be cognizable under the PCRA. *See Commonwealth v. O'Brian*, 811 A.2d 1068, 1070 (Pa. Super. 2002). Further, a challenge to a decision by the parole board is generally within the jurisdiction of the Commonwealth Court. *See Commonwealth v. Camps*, 772 A.2d 70, 74-75 (Pa. Super. 2001). However, because Nichols has not styled his claim as a challenge to the parole board's decision or to his continued confinement, but as an unlawfully induced guilty plea, it is cognizable under the PCRA, *see* 42 Pa.C.S.A. § 9543(a)(2)(iii), and this Court may consider the appeal.

Supreme Court declined to extend *Lark* to a case in which the PCRA court held one PCRA petition in abeyance while ruling upon a second petition. *Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012). While not directly on point, *Porter* indicates that, if a first petition is not yet appealed, the PCRA court may consider a second petition, provided that it was timely filed. Thus, the PCRA court could consider Nichols' second petition.[5]

However, the petition still must be filed timely. The PCRA's timeliness requirements are jurisdictional and are construed strictly. *Garcia*, 23 A.3d at 1061. To be timely, a petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Nichols was sentenced on December 14, 2011. Because Nichols did not file a direct appeal, his judgment of sentence became final thirty days after sentence was imposed, at the expiration of the time period to file an

_____

[5] Nichols' second petition cannot be construed as an amendment to his first petition. A subsequent petition can be considered an amendment to a prior petition. Leave to amend should be freely permitted by a PCRA court, but leave of the court to do so must be sought and received before amendment an amendment can be filed. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014). Nichols neither sought nor was granted permission to amend his first petition. Therefore, his second petition was not an amendment to his first petition.

appeal. **See** Pa.R.A.P. 903(a). Therefore, Nichols had until on or about January 14, 2013 to file a timely petition.

Nichols filed the instant second petition on November 20, 2013, which was facially untimely. However, in his petition, Nichols invoked the newly discovered evidence exception to the PCRA timeliness requirement. See 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Nichols argued that his plea agreement was unlawfully induced and that he only agreed to the plea because the Commonwealth agreed not to oppose parole when he became eligible. Nichols further alleges that he could not have known about the Commonwealth's intent to breach this agreement until he actually appeared before the parole board and received its decision. Finally, Nichols claims that he has filed the instant PCRA petition within sixty days of the discovery of this evidence. **See** Nichol's Brief at 6-9; PCRA Petition, 11/20/2013, at 11.[6]

One exception to the PCRA time bar is when the petitioner pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). When a petitioner invokes this exception, the petition must be filed within sixty days of when the claim

_____

[6] Nichols also asserted in his PCRA petition that his trial counsel was ineffective for assuring him that the Commonwealth would not oppose his parole. PCRA Petition, 11/20/2013, at 9. However, Nichols has not argued this issue in his brief and, it is therefore waived.

could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Further, "[t]he PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within [the] exception[]." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

To be able to find the second petition timely, Nichols must plead and prove that he has discovered new evidence. Here, Nichols relies upon his allegation that the Commonwealth, as part of the plea agreement, promised not to oppose Nichols' parole. However, the record does not support Nichols' allegation. At the guilty plea colloquy, the Commonwealth summarized the agreement, stating, "[W]e have reached an agreed-upon sentence of three to six years for the Court's consideration." Notes of Testimony ("N.T."), 10/27/2011, at 2. The trial court also reviewed the plea agreement with Nichols in the following exchange:

> Q. [THE COURT] I'm told that that [*sic*] a plea agreement has been reached here and it is as follows. That you will plead guilty to one count of aggravated assault by vehicle with DUI, a separate count of driving under the influence, and then finally driving while under suspension while DUI related. The Commonwealth will drop all remaining charges against you and that they are recommending that I impose a sentence, a minimum of three years and a maximum of six years. Is that your understanding of the plea agreement?
>
> A. [NICHOLS]      Yes, sir.
>
> Q.      And you understand that if I find I cannot go along with the plea agreement and I accept the plea I will allow you to withdraw the plea and you may proceed to trial on all charges.
>
> A.      Yes.

Q.     However, if I accept the plea the other alternative I have would be to sentence you to three to six years. Do you understand that?

A.     Yes.

\*     \*     \*

Q.     And were any other promises made to you in return for your guilty plea other than those that I've already stated on the record?

A.     No.

*Id.* at 4-6. Further, the written plea colloquy reflects that the only agreement was to the sentence Nichols was to receive. Guilty Plea Colloquy, 10/27/2011, at 2 ¶13 (responding to the statement "State specifically in detail any plea agreement with the District Attorney," Nichols wrote "The Commonwealth would not oppose a 3-6 year sentence in state prison.").

To be clear, Nichols contends that the parole board's decision was newly discovered evidence that demonstrated the unlawfully induced nature of the plea. Such claim necessarily is predicated upon the existence of a promise by the government. Without the promise, the information he now possesses cannot factually or logically be considered newly discovered evidence for PCRA purposes. Based upon the above, it is quite clear that no such promise was tendered by the government, and, therefore, Nichols' claim that the parole board decision constitutes newly discovered evidence must fail. He has not met his burden to prove that the newly discovered evidence exception applies.

Nichols also argues that, because the PCRA court waited until December 12, 2013 to dismiss his first PCRA petition, he has satisfied the government interference exception to the PCRA time bar. Nichols provides no support for this proposition. A petitioner in **Commonwealth v. Davis**, 816 A.2d 1129, 1134 (Pa. Super. 2003), attempted to make a similar argument. In that case, we held that the government interference exception was not available to excuse an untimely second PCRA petition even though it could not have been filed during the pendency of an appeal from the first PCRA petition. **Id.** Similarly, here, Nichols may not invoke that exception to escape the time bar for the instant PCRA petition by complaining that the PCRA court delayed in dismissing his first petition.

Consequently, as Nichols has not been able to plead and prove any exception to the PCRA time bar, his PCRA petition was filed untimely and we are without jurisdiction to evaluate its merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2014

- 8 -