J-S67019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICARDO ALPHONSO PEOPLES | |
| Appellant | No. 424 WDA 2014 |

Appeal from the PCRA Order January 17, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008708-1997

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:            **FILED DECEMBER 19, 2014**

Appellant, Ricardo Alphonso Peoples, appeals *pro se* from the January 17, 2014 order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The certified record discloses the following factual and procedural history of this case.  On February 4, 1999, a jury found Appellant guilty of one count of first degree murder and one count of second degree murder[1] for the May 14, 1997 killings of Orlando Price and his girlfriend, Dionda Morant.  At the time of the offenses, Appellant was 17 years old but he was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a) and  2502(b), respectively.

tried as an adult.[2]  Immediately following the verdict, the trial court sentenced Appellant to two consecutive life sentences without the possibility of parole.  This Court affirmed Appellant's judgment of sentence on July 28, 2000, and our Supreme Court denied his petition for allowance of appeal on January 18, 2001.  **Commonwealth v. Peoples**, 761 A.2d 1238 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 766 A.2d 1246 (Pa. 2001).  His judgment of sentence became final on April 18, 2001, when the filing period for a petition for a writ of *certiorari* with the United States Supreme Court expired.  **See generally** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1).

Thereafter, Appellant filed a timely PCRA petition on December 11, 2001.  The PCRA court dismissed the petition on August 13, 2002, and this Court affirmed on August 11, 2003.  **Commonwealth v. Peoples**, 833 A.2d 1148 (Pa. Super. 2003).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 9, 2012, Appellant filed *pro se* a second PCRA petition that is the subject of this appeal.  On November 6, 2013, the PCRA court issued a notice of intent to dismiss the petition.  Appellant was subsequently granted permission to amend his PCRA petition.  On December 12, 2013, Appellant filed an "Amended Petition for Habeas Corpus Relief Under Article I, Section

_____

[2] Appellant's date of birth is September 13, 1979.

14 of the Pennsylvania Constitution and for Post-Conviction Relief Under the [PCRA]" (Amended Petition). The PCRA court gave notice of its intent to dismiss this Amended Petition. Appellant did not respond to this notice. On January 17, 2014, the PCRA court dismissed the Amended Petition as untimely, and filed its Rule 1925(a) opinion. Appellant timely filed *pro se* a notice of appeal on February 13, 2014.[3]

On appeal, Appellant raises the following two issues for our review.

> I. Whether the [PCRA] court abused its discretion in concluding that relief under *habeas corpus ad subjiciendum* is unavailable?
>
> II. Whether Article 1, Section 13 of the Pennsylvania Constitution should be construed as providing greater protections than its quasi[-]analogous provision of the [] United States Constitution?

Appellant's Brief at iix.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review

---

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). The PCRA court's January 17, 2014 1925(a) statement states that the petition was dismissed because it was time-barred without supplying any further reasoning.

is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

We must first address whether the PCRA court properly treated Appellant's Amended Petition as solely a PCRA petition even though the Amended Petition sought both a writ of *habeas corpus* and PCRA relief.

> [I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute.
>
> Our Supreme Court has consistently held that the PCRA statute and its eligibility requirements are to be broadly construed. Nevertheless, the Pennsylvania Supreme Court also has recognized that certain unique claims do not give rise to a cognizable claim under the PCRA statute. In those rare instances that a post-conviction claim does not fit within the statutory scheme of the PCRA, a writ of *habeas corpus* may be appropriate.

***Commonwealth v. Burkett***, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations omitted). "Only if neither the PCRA nor any other remedy is

available for the condition alleged may the writ of *habeas corpus* then issue." ***Commonwealth v. O'Brian***, 811 A.2d 1068, 1070 (Pa. Super. 2002).

The following relief is encompassed by the PCRA.

**§ 9543. Eligibility for relief**

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

…

(vii) The imposition of a sentence greater than the lawful maximum.

…

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

…

42 Pa.C.S.A. § 9543(a).

The issues raised in the portion of Appellant's Amended Petition seeking a writ of *habeas corpus* are that Appellant's mandatory sentence of life without parole violates Article 1, Sections 1, 9, and 13 of the Pennsylvania Constitution as well as the Eighth and Fourteenth Amendments to the U.S. Constitution. Appellant's *pro se* Amended Petition, 12/12/13, at 12-20. Appellant's claims of constitutional violations concerning the legality of his sentence are encompassed within the PCRA, and as such, the PCRA is the proper and sole avenue for obtaining relief. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (vii). As a result, the trial court properly treated Appellant's Amended Petition as his second PCRA petition, and we review it as such. **Burkett**, **supra**.

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of

both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Williams***, ***supra***. The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." ***Id.*** "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v. Harris***, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009), *appeal denied*, 982 A.2d 1227 (Pa. 2009).

Section 9545 provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

**(b) Time for filing petition.—**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of

the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In this case, Appellant's second PCRA petition is patently untimely as it was filed over 11 years after his judgment of sentence became final. Therefore, Appellant must plead and prove one of the three enumerated statutory exceptions to the time-bar. **See Harris**, **supra**. Appellant's Amended Petition seeking a writ of *habeas corpus* asserts the newly recognized constitutional right exception to the time-bar. 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant's brief does not develop this argument, but we

note it cites to the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[4]  Appellant's Brief at 2-5, 7-11.  To the extent this could be construed as raising an exception to the time-bar, our Supreme Court has held that **Miller** does not create such an exception as it does not apply retroactively to judgments of sentence that were final at the time **Miller** was decided.  **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014).  Further, to the extent Appellant's brief could be read as arguing for this Court to apply broader retroactivity principles under state law, we note that Section 9545(b)(1)(iii) requires the alleged new constitutional right to have been held to be retroactive by either our Supreme Court or the United States Supreme Court only.  **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).  As set forth above, our Supreme Court has determined that **Miller** does not apply retroactively.  **Cunningham**, **supra**.  As noted, Appellant's judgment of sentence became final on April 18, 2001, which is over 11 years before **Miller** was decided on

---

[4] In **Miller**, the United States Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  **Miller**, **supra** at 2460.  This holding does not "categorically bar" the sentence of life without parole for juveniles, but "[i]nstead, it mandates only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty."  **Id.** at 2471.

June 25, 2012. Therefore, **Miller** is inapplicable to Appellant's judgment of sentence and cannot form the basis of a time-bar exception.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's January 17, 2014 order is affirmed.

Order affirmed.

Judge Donohue joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014

- 10 -