J-S89044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAQUILLE M. HENDERSON | |
| Appellant | No. 812 EDA 2015 |

Appeal from the Judgment of Sentence October 24, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0007822-2013

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                     **FILED APRIL 28, 2017**

Appellant Shaquille M. Henderson appeals from his aggregate judgment of sentence of twenty-two to forty-four years' imprisonment for attempted murder,[1] aggravated assault,[2] criminal conspiracy to commit robbery,[3] possession of an instrument of crime,[4] carrying firearms without a license[5] and persons not to possess firearms.[6] Appellant challenges the sufficiency of the evidence underlying his attempted murder and conspiracy

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a).

[2] 18 Pa.C.S. § 2702(a).

[3] 18 Pa.C.S. § 903(c).

[4] 18 Pa.C.S. § 907(a).

[5] 18 Pa.C.S. § 6106(a)(1).

[6] 18 Pa.C.S. § 6105(a)(1).

convictions, and he claims that his sentence is both illegal and excessive. We affirm.

The trial court accurately summarized the evidence adduced during trial as follows:

> The complainant, Jason Bradford, testified at trial that on December 27, 2011, he pulled up outside a store on the corner of 72nd Avenue and 19th Street in Philadelphia, [Pennsylvania] on his way to a party. He remained seated in his vehicle, talking on his cell phone, when a chubby black man approached the car, opened the unlocked door, pointed a gun at Bradford and said "You know what this is." When Mr. Bradford put his hands up, a skinny black male approached the vehicle. The chubby male then exited the vehicle and handed the firearm to the skinny male. The skinny male then pointed the gun at the victim's torso and said "You know what this is."
>
> Mr. Bradford testified that he reached for the robber's gun with both hands in an attempt to aim it away from his body, but only managed to get his right hand on it. As they struggled over the firearm, Mr. Bradford observed the robber squeezing the trigger. Seven to eight shots were fired at close range, hitting the victim multiple times in the abdomen, leg and arm. The gunshot wounds to the victim caused him to undergo seven separate surgeries in which his entire pancreas, part of his liver, his entire right kidney and ureter, part of his colon, part of his small intestines and his entire gall bladder and bile ducts were removed. Mr. Bradford testified that when the shooter ran out of bullets, he and the first male fled down the street. The victim described the weapon used as a silver semi-automatic.
>
> As to the perpetrators, Mr. Bradford recognized the chubby male as someone he had seen around the store on prior occasions. Although he had never seen the shooter before, Mr. Bradford stated that he was only a foot away from this male inside a [well-lit] vehicle and was able to get a good look at him. On February 20, 2012, police came to the hospital[,] where they showed photo arrays to

the victim. Mr. Bradford selected Stefon Locke's photo as the chubby male and identified Appellant as the skinny male who shot him.

Prior to showing the photo arrays to the victim, police put a video of the incident on YouTube in an attempt to obtain information from the public regarding the identity of the perpetrators. Appellant told his friend Dejonnaise Carr to watch the video. Upon viewing the video, Ms. Carr recognized the chubby male as Appellant's friend "Boog" and recognized the skinny male as Appellant. She stated she knew the shooter was Appellant from his bowlegged walk and his gray Nike sweat suit. Ms. Carr later shared this information with Philadelphia Police Detective Adam McGuigan.

Stefon Locke, a/k/a "Boog", entered an open guilty plea to the charges in this case. On February 21, 2012, Locke gave a statement to police in which he said he had received a call from a man looking to purchase marijuana. Locke claimed he got into the victim's car to sell him marijuana, but exited when he felt uncomfortable with the situation. He stated that Appellant then got into the vehicle for approximately ten seconds[,] after which he exited, pointed a gun and started firing at the victim. Locke testified that he (Locke) was the chubby male in the video.

Following the victim's identifications of Appellant and Stefon Locke, police obtained search warrants for two properties, one of which was the residence of Appellant's mother located at 1522 N. 19th Street in Philadelphia. Police recovered a cell phone in a bedroom containing male clothing and mail in Appellant's name. The cell phone contained photos of Stefon Locke as well as photos of several different semi-automatic firearms. Prior to showing the photos to the jury, the Court cautioned them that the only purpose of the photos was to show Appellant's access to semi-automatic weapons.

On April 25, 2013, Philadelphia Police Officer Michael O'Brien and two other officers were having coffee around the 1400 block of Cecil B. Moore Avenue when Officer O'Brien spotted Appellant crossing the street. Officer

O'Brien advised his brother officers that Appellant was wanted on a warrant. When they approached Appellant[,] who was sitting on a wall[,] and ordered him not to move, Appellant jumped up, made a movement to his waistband and took off running. As Officer O'Brien chased him[,] he observed Appellant reach into his waistband and discard a black firearm behind a dumpster in an alleyway. Officer O'Brien recovered the firearm[,] while his partners apprehended Appellant around Broad and Montgomery. A check of the gun showed it to be loaded.

Trial Ct. Opinion, 3/16/16, at 2-5 (record citations omitted).

Appellant was arrested and charged with the aforementioned offenses. On July 30, 2014, Appellant proceeded to a jury trial. On August 1, 2014, the jury found Appellant guilty of all charges except robbery.[7] On October 24, 2014, the court imposed consecutive sentences of ten to twenty years' imprisonment for attempted murder, four and one half to nine years' imprisonment for persons not to carry firearms, and seven and one half to fifteen years' imprisonment for conspiracy to commit robbery. Appellant filed timely post-sentence motions, which the court denied on February 25, 2015. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

Is [Appellant] entitled to an arrest of judgment on all charges, including attempted murder, aggravated assault, possession of an instrument of crime (PIC) and related

---

[7] The trial court found Appellant guilty of violating 18 Pa.C.S § 6105 in a separate bench trial.

offenses[,] where the evidence was insufficient to sustain the verdict?

Is [Appellant] entitled to a new trial on all charges where the greater weight of the evidence did not support the verdict and where the verdict was based on speculation, conjecture and surmise?[8]

Brief For Appellant at 3.

Appellant first argues that the evidence was insufficient to sustain his convictions on all charges. Appellant contends that the Commonwealth failed to prove that he acted with specific intent to kill or acted in a conspiracy with another person. We disagree.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

---

[8] The second argument in Appellant's brief is not a challenge to the weight of the evidence but is instead a challenge to the legality and excessiveness of his sentence. The Rules of Appellate Procedure require the statement of questions in Appellant's brief to "state concisely the issues to be resolved." Pa.R.A.P. 2116(a). We elect to disregard Appellant's violation of this rule because it does not impede appellate review.

- 5 -

received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Talbert***, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted), *appeal denied*, 138 A.3d 4 (Pa. 2016).

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of that crime." 18 Pa.C.S. § 901(a).

> "For a defendant to be found guilty of attempted murder, the Commonwealth must establish specific intent to kill." ***Commonwealth v. Geathers,*** 847 A.2d 730, 734 (Pa. Super. 2004). Therefore, "[i]f a person takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act, he may be convicted of attempted murder." ***In re R.D.,*** 44 A.3d 657, 678 (Pa. Super. 2012). "The Commonwealth may establish the *mens rea* required for first-degree murder, specific intent to kill, solely from circumstantial evidence." ***Id.*** Further, our Supreme Court has repeatedly determined that "[t]he use of a deadly weapon on a vital part of the body is sufficient to establish the specific intent to kill." ***Commonwealth v. Rega,*** [] 933 A.2d 997, 1009 ([Pa.] 2007); *see also **Commonwealth v. Cousar**,* [] 928 A.2d 1025, 1034 ([Pa.] 2007) ("a specific intent to kill may be inferred from the use of a deadly weapon on a vital part of the victim's body.").

***Commonwealth v. Tucker***, 143 A.3d 955, 964 (Pa. Super. 2016).

Viewed in the light most favorable to the Commonwealth, the evidence is sufficient to sustain Appellant's conviction for attempted murder. The evidence clearly demonstrates that Appellant shot the victim. The victim testified that Appellant accepted a loaded gun from Stefon Locke and aimed

it at the unarmed victim, stating "you know what this is." Appellant then shot the victim in his abdomen, leg and arm at least seven times from inches away and fled from the scene with Locke. A video of the incident introduced into evidence showed (1) Appellant following Locke as they crossed the street towards the victim's car; (2) Locke entering the car; (3) Locke stepping out of the car; (4) Appellant entering the car; and (5) both Appellant and Locke running away. At Appellant's request, Dejonnaise Carr watched the video and recognized the chubby male as Appellant's friend, "Boog", and the skinny male as Appellant. She testified that she knew the shooter was Appellant from his bowlegged walk and his gray Nike sweatsuit. Locke pleaded guilty to conspiring with Appellant to rob the victim and testified that he was the chubby male in the video.

The evidence also demonstrates that Appellant harbored specific intent to kill the victim in view of Appellant's use of a deadly weapon on vital parts of the victim's body. Indeed, Appellant's injuries were catastrophic. He underwent seven separate surgeries to remove part or all of his pancreas, liver, right kidney, ureter, colon, small intestines, gall bladder and bile ducts. He was unconscious for more than two weeks and remained in the hospital another four weeks after regaining consciousness.

To prove criminal conspiracy, the Commonwealth must establish that "the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal

intent; and 3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Devine***, 26 A.3d 1139, 1147 (Pa. Super. 2011) (citation omitted). "An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." ***Commonwealth v. Garcia***, 847 A.2d 67, 70 (Pa. Super. 2004) (citation omitted). Here, the evidence showed that Appellant and Stefon Locke were friends, and that the two men acted in tandem in this incident. Locke entered the victim's vehicle first, pointed a gun at the victim, saying "you know what this is," and then exited the vehicle, handing the gun to Appellant. Appellant then entered the car, stated, "you know what this is," and shot the victim multiple times. The two men fled the scene together. Locke pleaded guilty to conspiring with Appellant to commit robbery. This evidence supports the jury's verdict that Appellant and Locke conspired to rob the victim at gunpoint and that the two men had a shared criminal intent to commit the robbery.

For these reasons, Appellant's challenge to the sufficiency of the evidence fails.[9]

---

[9] Appellant does not argue in his appellate brief that the evidence is insufficient to sustain his remaining convictions. Accordingly, he has waived his challenge to the sufficiency of the evidence underlying these convictions. ***See*** Pa.R.A.P. 2119; ***Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa. Super. 2008).

In his second argument, Appellant contests the legality and excessiveness of his sentence. With regard to legality, he contends that the court sentenced him to imprisonment for robbery, the sole count for which the jury acquitted him. We disagree.

Although the trial court alluded to his conviction as "the robbery," N.T., Sentencing Hr'g, 10/24/14, at 28, this was a mere slip of the tongue, since the court and prosecutor discussed his conspiracy conviction at the beginning of the hearing. *Id.* at 4-5. Moreover, the court reiterated in its opinion that it sentenced Appellant for conspiracy to commit robbery. Trial Ct. Opinion at 12. Most importantly, Appellant's sentencing order and the docket both state that he was sentenced for conspiracy to commit robbery, not robbery itself. The order is dispositive of the court's intent. *See Commonwealth v. Isabell*, 467 A.2d 1287, 1292 (Pa. 1983) ("Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence") (citations omitted); *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013) ("the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed") (citation omitted).

Appellant also argues that his consecutive sentence for conspiracy is excessive. We conclude that Appellant is not due relief.

This Court has held:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted). The Rule 2119(f) statement

> must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g., the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Here, Appellant failed to challenge the excessiveness or consecutive nature of his conspiracy sentence during his sentencing hearing or in post-sentence motions. He also failed to include a Rule 2119(f) statement in his

brief. Accordingly, he has waived his challenge to the excessiveness of his conspiracy sentence. *See Evans*, 901 A.2d at 533-34. Even if he had preserved this issue for appeal, it would not have warranted relief. His conduct was extremely violent and would have been a homicide absent timely and extensive medical intervention. Moreover, the trial court had the benefit of a pre-sentence investigation report, so it presumably was aware of all relevant information concerning Appellant's character and weighed these considerations along with mitigating factors. *See Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2017