402 A.2d 1025

COMMONWEALTH of Pennsylvania

v.

David Leland ROHDE, Appellant.

Supreme Court of Pennsylvania.

Argued May 22, 1979.

Decided July 5, 1979.

Neil E. Jokelson, Philadelphia, for appellant.

Gary E. Hartman, Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

In November of 1971, appellant, David Leland Rohde, entered a plea of *nolo contendere* to a charge of possession of amphetamines. Following a presentence report, appellant was given a ninety-day suspended sentence with a $300 fine. No appeal from the judgment of sentence was taken.

In September of 1974, appellant filed a petition under the Post Conviction Hearing Act,[1] alleging he had not been informed of his appeal rights and his plea of *nolo contendere* was not knowingly and intelligently made. Following an evidentiary hearing, the court denied appellant's petition, finding the conviction did not subject appellant to a continuing disability.

An appeal from the denial was taken to the Superior Court, which remanded the matter to the Court of Common Pleas for reconsideration of the petition in accordance with our decision in *Commonwealth v. Doria*, 468 Pa. 534, 364 A.2d 322 (1976). There, we held an allegation of severe civil and social consequences resulting from an allegedly wrongful conviction entitled a PCHA petitioner to challenge that conviction.

On remand, the Court of Common Pleas held a second evidentiary hearing. Subsequently, the court again denied appellant's petition. The court found appellant had been denied his direct appeal rights; however, as the court believed appellant had shown only the possibility, and not the actuality, of social and civil disabilities, the court held *Doria*

1. Act of January 25, 1966, P.L. 1580, § 1, et seq., 19 P.S. § 1180–1, et seq. (Supp.1978–79).

was inapplicable and appellant lacked standing to challenge the allegedly unlawful conviction. The court failed to address the issue concerning appellant's plea of *nolo contendere*. Superior Court affirmed and we granted appellant's petition for allowance of appeal.

■ Appellant first alleges that the court erred in holding he lacked standing to challenge his conviction in a PCHA petition. In *Com. ex rel Ulmer v. Rundle*, 421 Pa. 40, 218 A.2d 233 (1966), we held that a habeas corpus petition [2] was not moot, despite the fact the sentence imposed on the alleged invalid conviction had expired. Because the original conviction would affect the duration of subsequent sentences imposed on separate crimes, we held the habeas corpus petition was not moot.

In *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971), the defendant had been convicted of drunken driving and fined $200, which the defendant paid. The defendant was not represented by counsel during these proceedings. Five years later he was again arrested for driving under the influence. Prior to trial, the defendant received a letter from a judge of the Court of Common Pleas informing him of "the invariable policy of the Lancaster County Court to impose a sentence of $200 fine, costs of prosecution and three months in Lancaster County Prison on all second offenders charged with operating a motor vehicle under the influence of intoxicating liquor." There, we held the defendant's post-verdict attack was not moot because of the *possibility* of collateral criminal consequences.

In *Commonwealth v. Doria, supra,* we held that a collateral attack is not moot where a petition could show direct civil consequences [3] resulting from this illegal conviction. We stated:

**2.** The petition was filed prior to the effective date of the Post Conviction Hearing Act.

**3.** In *Doria*, petitioner had been forced to resign his position as dean of the Vermont Law School when that body learned of his alleged illegal conviction.

"Our holding today gives those who can show that they have suffered collateral consequences as the result of a wrongful criminal conviction, and who have not been charged with any other criminal conduct, the same right to challenge the allegedly wrongful conviction as is afforded those who seek to challenge a previous conviction because of the adverse effect it will have upon a subsequent accusation of criminal activity. Surely, one who had led an exemplary life since being found guilty of a crime, should receive no less consideration from the courts of this Commonwealth than one who is being subjected to a second criminal prosecution."

In the instant case, appellant testified various admission officers at different law schools had indicated to him his conviction for possession of amphetamines presented substantial problems in obtaining admission to law school. Nonetheless, appellant was eventually admitted to Delaware Law School. Now, anticipating possible difficulties in eventually being admitted to practice law in the various states, appellant has filed the instant PCHA petition, attempting to attack the validity of his *nolo contendere* plea. While appellant alleges only the possibility of social and civil consequences resulting from the conviction, we can find no logical reason for not extending *Doria* in the same way *Sheehan* extended *Com. ex rel Ulmer v. Rundle, supra*, i. e., from a showing of direct consequences resulting from a conviction to a mere showing of the possibility of consequences. If the possibility of criminal consequences is sufficient to avoid mootness in subsequent criminal actions, we believe the same possibilities should have the same effect on the mootness issue where social and civil consequences are involved. *Commonwealth v. Doria, supra*. We thus believe appellant has standing to challenge the *nolo contendere* plea entered in 1971.

Appellant next argues his plea of *nolo contendere* was not knowingly and intelligently entered, as at the time of the plea, appellant was unaware that the plea was equivalent to a guilty plea in most respects. Appellant testified

the consequences of the plea were not explained to him. However, appellant's trial counsel testified he fully informed appellant concerning the nature of the plea. As a factual dispute is involved, we must remand to the Court of Common Pleas for findings of fact and conclusions of law as, on the instant record, we are incapable of resolving this issue.

Order reversed and case remanded to the Court of Common Pleas for proceedings consistent with this opinion.