467 A.2d 1287

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**James ISABELL, Appellant.**

Supreme Court of Pennsylvania.

Nov. 16, 1983.

6

John W. Packel, Chief, Appeals Div., Elaine DeMasse, Asst. Defender, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Stuart Haimowitz, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Appellant directly appeals a 1980 judgment of sentence of 1½ to 5 years imposed by Philadelphia Court of Common Pleas (Durham, J.) for a probation violation on his 1971 sentence for voluntary manslaughter.[1] Appellant, represented by the Defender Association of Philadelphia, contends the Department of Corrections erroneously interpreted his sentence on the probation violation to run consecutive to his 1977 sentence for burglary and assault despite the

---

1. Appellant incorrectly filed the present appeal to Superior Court. That court transferred the case to us on appellant's motion. Appellant, apparently still confused, incorrectly labels this case an appeal from Superior Court. We have jurisdiction of this appeal under Section 2 of the Judicial Code, Act of June 9, 1976, P.L. 586, No. 142, 42 Pa.C.S. § 722(1), effective June 27, 1978. This statute was amended subsequent to appellant's conviction.

absence of any language to that effect in the written sentence endorsed on the bill. The District Attorney contends the clear intention of the sentencing judge should prevail despite Pa.R.Crim.P. 1406(c), which provides that sentences not expressly said to be consecutive are concurrent. Since appellant has incorrectly challenged the Department of Corrections' interpretation of his sentence by way of a direct appeal the appeal is dismissed without prejudice to appellant's right to raise the issue against the proper parties in a *habeas corpus* proceeding.[2]

In 1970 Judge Cavanaugh convicted appellant of voluntary manslaughter and unlawfully carrying a firearm without a license. His sentences were one to two years (precisely 363 days to 729 days) on the weapons conviction, followed by twelve years probation on the manslaughter.[3] In 1977, while on this probation, appellant was arrested and charged with robbery and simple and aggravated assault. Philadelphia Common Pleas (Lord, J.) found him guilty of attempted robbery and aggravated assault following a bench trial and, after denying post-trial motions sentenced him to concurrent terms of five to ten years imprisonment on March 9, 1978. The minimum date on that sentence was March 9, 1983.

On March 21, 1978 appellant came before Judge Cavanaugh for a hearing on the probation violation resulting from his 1977 conviction. At his request that hearing was continued pending resolution of his appeal from the 1977 judgment of sentence imposed by Judge Lord on the 1977 charges. That continuance was granted upon appellant's agreement not to raise the requirement applying to probation violation hearings under Pa.R.Crim.P. 1409 that "a hearing be held as speedily as possible." In May, 1979

**2.** Appellant's maximum date for his attempted robbery and aggravated assault conviction is March 9, 1983. In this connection we note that appellant's version of the sentence would not entitle him to immediate release, but only to eligibility for parole. Appellant is not assured that he will succeed before the Parole Board.

**3.** We affirmed the judgment of sentence. *Commonwealth v. Isabell,* 463 Pa. 147, 344 A.2d 468 (1975).

Superior Court affirmed the judgment of sentence imposed by Judge Lord. *Commonwealth v. Isabell,* 268 Pa.Superior Ct. 597, 413 A.2d 1117 (1979).

On February 29, 1980 Judge Durham, sitting in place of Judge Cavanaugh who had become a member of Superior Court, held the continued hearing on appellant's violation of probation. After the hearing Judge Durham revoked probation and sentenced appellant to a prison term of one and one-half to five years for probation violation. Although the record strongly suggests Judge Durham intended his sentence to be consecutive to those imposed by Judge Lord in 1977, the actual written sentence endorsed on the bill did not so state.

Defendant did not file a motion to modify his sentence. Instead he simply filed an appeal to Superior Court.[4] Consequently, Judge Durham wrote an opinion responding to the only argument before him. That argument, apparently raised in a petition for *habeas corpus* filed in Common Pleas prior to the February 29, 1980 hearing, raised a single issue: undue delay in hearing his probation violation. Judge Durham rejected that argument in his opinion and it was abandoned here in favor of the argument that detainers lodged against appellant on the probation violation were improper because Judge Durham's sentence, concurrent with Judge Lord's, under Rule 1406, entitled him to release on March 9, 1983 at the expiration of his minimum on the sentence imposed by Judge Lord.[5]

It is well settled that this Court will not address issues raised for the first time on appeal. *Commonwealth v. Wallace,* 495 Pa. 295, 433 A.2d 856 (1981). *Commonwealth v. Zillgitt,* 489 Pa. 189, 192 n. 3, 413 A.2d 1078, 1079 n. 3 (1980). To conserve judicial resources and to prevent

---

4. Appellant filed his appeal *pro se* along with a motion to proceed *in forma pauperis* on appeal and for the appointment of counsel. We cannot tell from this record when appellate counsel was appointed. Moreover, it does not appear that Judge Durham directed appellant to file a statement of matters complained of on appeal.

5. *But see supra,* note 2.

the circumvention of appropriate lower authorities, an appellate court will not review issues that have not been presented to those lower authorities. *See e.g. Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

■ We have held, however, that a challenge to a sentence which is unlawful *per se* is not waived where it is raised for the first time on appeal. *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982); *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976). Thus, where the sentencing court imposes two sentences for a single act we have held the issue may be raised for the first time on appeal. *Commonwealth v. Walker, supra.*[6] However, where a lawful sentence is challenged because the trial judge considers an inadmissible arrest record or erroneously believed he was required to impose a consecutive sentence for a probation violation, we have held that the issue must be preserved for review in the sentencing court. *See Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Shoemaker,* 462 Pa. 342, 341 A.2d 111 (1975).

■ In the present case, however, appellant has not challenged the lawfulness of the sentence, *see Commonwealth v. Walker, supra,* nor does he seek to modify the recorded sentence, for example, on the ground that it is excessive. *See Commonwealth v. DeCaro,* 298 Pa.Superior Ct. 32, 444 A.2d 160 (1982). Neither a motion challenging the propriety of the sentence nor a direct appeal from the judgment of sentence properly challenges the discrepancy between the signed sentence and the Bureau of Corrections' interpreta-

6. Since Pa.R.Crim.P. 1405 and 1410 now provide a specific procedure for raising such challenges to the sentence in the sentencing court there is no longer a reason to consider such issues when raised for the first time on appeal. *But see* Comment, Pa.R.Crim.P. 1410, which states this procedure does not affect the court's inherent power to correct an illegal sentence, or obvious and patent mistakes in its sentencing order at anytime. Thus, where there is a mistake on the face of the written sentencing order the court has the power to correct it; *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970) (trial court had inherent power to modify its order granting both a motion for a new trial and a motion in arrest of judgment).

tion of it. Moreover, appellant has not maintained his sentence is invalid on procedural grounds, *see e.g. Commonwealth v. Riggins*, 478 Pa. 222, 386 A.2d 520 (1978), or because the sentencing judge imposed an otherwise lawful sentence on erroneous grounds. Instead he has challenged his detention under Judge Durham's sentence as interpreted by the Bureau of Corrections.

◼ Since this appeal is properly construed as a challenge to action by the Bureau of Corrections and is not a direct or collateral attack on the conviction or sentence imposed by the trial court it is not properly brought under the Post-Conviction Hearing Act. *See* 19 P.S. § 1180–3(c). Consequently, appellant may resort to the writ of *habeas corpus ad subjiciendum.*[7] *See Commonwealth ex rel. Woods v. Howard*, 249 Pa.Superior Ct. 428, 378 A.2d 370 (1977) (opinion by Hoffman, J.); *Commonwealth ex rel. Munyan v. Smith*, 154 Pa.Superior Ct. 664, 36 A.2d 859 (1944). That well known remedy for deliverance from illegal confinement is particularly suited to the wrong alleged in this case, illegal detention resulting from an incorrect computation of appellant's sentence by prison officials.

◼ Such *habeas corpus* petitions are properly brought in the court which initially imposed the sentence. *See* 42 Pa.C.S. § 6502 and Pa.R.Crim.P. 1701. In the instant case, the judge who imposed the sentence, Judge Durham, has not had the opportunity to consider appellant's claim because it was raised for the first time on appeal. That judge

7. 42 Pa.C.S. § 6502(a) provides:
     (a) General rule.—Any judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose.
   42 Pa.C.S. § 6503 provides:
     (a) General rule.—Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
     (b) Exception.—Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

is best qualified to initially resolve any disputes regarding the interpretation of his sentence.

■ At the time of this appeal appellant would not have been eligible for parole even if the Board of Probation and Parole viewed his sentences as concurrent. It would appear, however, that he has now served his minimum sentence on both charges if they are deemed concurrent. However, the fact that appellant could not have secured immediate release by challenging the propriety of his restraint when he took this appeal does not mean that a *habeas corpus* petition would have been premature. Thus, the *habeas corpus* remedy was available when he took this appeal. Since it permits the sentencing court to review its own sentence, it should be the preferred remedy. *See Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A.2d 233 (1966); *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A.2d 613 (1965); *Commonwealth v. Rohde*, 485 Pa. 404, 402 A.2d 1025 (1979).

Since our dismissal of this appeal is without prejudice to appellant's right to appropriately pursue his contentions before the sentencing court, certain contentions by the Commonwealth deserve comment. It argues Judge Durham made his intention to impose a consecutive sentence plain at the sentencing hearing. Appellant disputes this, arguing that the record shows the intention became ambiguous, because it was not orally reaffirmed after his counsel's final plea.

Pa.R.Crim.P. 1406(c) provides:

(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

12

*See also Halderman's Petition,* 276 Pa. 1, 119 A. 735 (1923). The written sentence did not state that it would commence from the date of appellant's other sentences.

■■■ As Judge Hoffman correctly stated in a concurring and dissenting opinion in *Commonwealth v. Pinder,* 310 Pa.Superior Ct. 56, 72, 456 A.2d 179, 188 (1983):

Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence. *E.g. Commonwealth v. Hodge,* 246 Pa.Superior Ct. 71, 369 A.2d 815 (1977); *Commonwealth v. Foster,* 229 Pa.Superior Ct. 269, 324 A.2d 538 (1974). If the signed order is inaccurate, the party aggrieved may timely petition to modify it so that it may be corrected. *See* Pa.R.Crim.P. 1410; *Commonwealth v. Anderson,* 304 Pa.Superior Ct. 476, 450 A.2d 1011 (1982); *Commonwealth ex rel. Woods v. Howard,* 249 Pa.Superior Ct. 428, 378 A.2d 370 (1977), *citing Hill v. United States ex rel. Wampler,* 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936) (CARDOZO, J.). The lower court also has limited rights to *sua sponte* correct formal or substantial errors in the sentencing order. *See* 42 Pa.C.S.A. § 5505; Pa.R.A.P. 1701; Pa.R. Crim.P. 1410; *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970).

*See also Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971).

Despite the sentencing judge's failure to endorse a consecutive sentence on the indictment, the Commonwealth also argues that appellant should be denied relief because he was aware of the Bureau of Corrections' interpretation of the sentence within three days of its imposition and chose not to seek correction until after the ten day period within which motions to modify or correct a sentence must be filed under Pa.R.Crim.P. 1410. That argument is based solely on the Bureau's Sentence Status Change Report dated March 3, 1980, reflecting the Bureau's interpretation of the sentence in dispute as consecutive.

The Commonwealth's argument has no merit. We note that the Commonwealth, not appellant, was obligated to petition for modification of the written sentence if it did not conform to the oral intentions of the sentencing judge.[8]

As Judge Hoffman stated in *Pinder:*

Here, the lower court did not choose to change or correct its more lenient signed sentencing order, and the Commonwealth, aggrieved by that order, chose not to petition for its modification. We should not intervene where the lower court acted in a matter within its discretion and the aggrieved party has not complained.

310 Pa.Superior Ct. at 72–3, 456 A.2d at 188.

Appellant did not challenge the propriety of the sentence under Rule 1410. He simply filed a notice of appeal from his judgment of sentence, without setting forth the questions raised on appeal. However, it has become apparent for the first time that his disagreement is not with the trial court's written sentencing order but is with the Bureau of Corrections' interpretation of his recorded sentence.

Accordingly, this appeal requesting that we order correction of the prison authorities' records is dismissed without prejudice to appellant's right to pursue his contentions by writ of *habeas corpus* in the sentencing court.

NIX, J., files a concurring opinion in which LARSEN and ZAPPALA, JJ., join.

NIX, Justice, concurring.

I concur in the majority's dismissal of this direct appeal from a judgment of sentence because no issue as to the

---

**8.** Pa.R.Crim.P. 1410 provides that a motion to modify the sentence shall be filed within ten (10) days after imposition of sentence. It is sufficient to reject the Commonwealth's argument that appellant failed to file a motion to modify his sentence within ten days because the record does not show that the trial court informed him of his right to file motions challenging the propriety of his sentence within ten days of sentencing. *See* Pa.R.Crim.P. 1405. Moreover, as we have already held, the proper remedy to challenge the Bureau of Corrections' interpretation of a written sentence is a *habeas corpus* petition, not a motion to modify sentence.

propriety of that judgment has been raised herein. Appellant's single allegation of error is directed not at the court which revoked the probation and imposed sentence but at the Bureau of Corrections. Specifically, appellant seeks to challenge the action of the Bureau in lodging detainers against him based on its interpretation of the sentence imposed on a probation violation. The Bureau is neither a party to the instant appeal nor has its action been the subject of any prior adjudication. Thus appellant's complaint is not properly before this Court on direct appeal and consideration of the merits of that complaint is inappropriate.[1]

Appellant may, of course, test the legality of his detention in a habeas corpus proceeding brought in the appropriate court of common pleas. *See* 42 Pa.C.S. § 6502; Pa.R. Crim.P. 170(a).

LARSEN and ZAPPALA, JJ., join in this concurring opinion.

---

**1.** The direct appeal, where available, is unquestionably the preferred procedure for disposing of all issues raised in connection with conviction and sentencing in a criminal matter. *See, e.g., Commonwealth v. Webster,* 466 Pa. 314, 353 A.2d 372 (1975). However, a pending direct appeal may not be employed as a vehicle for airing grievances which do not arise from the judgment of sentence from which that appeal was taken.