J-S44019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
                v.              :
                                :
                                :
RAJAH WALTON                    :
                                :
            Appellant           :  No. 3002 EDA 2017

Appeal from the Order August 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015897-2013

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 26, 2018**

Rajah Walton (Appellant) appeals *pro se* from the trial court's order denying his "motion for time credit and corrected commitment."  We affirm.

On April 9, 2014, Appellant entered a negotiated guilty plea to one count of aggravated assault.[1]  The same day, the trial court sentenced Appellant to 2 – 4 years of incarceration, followed by 6 years of probation.  The court also specified that Appellant was to be given credit for time served.  Order – Negotiated Guilty Plea, 4/19/14, at 1.  Appellant did not file a direct appeal.

On August 4, 2017, Appellant filed his *pro se* motion for time credit and corrected commitment, in which he averred that he had not received credit for his period of incarceration prior to sentencing, from August 13, 2013 to April 9, 2014.  On August 22, 2017, the trial court denied the motion and,

_____

[1] 18 Pa.C.S.A. § 2702.

referencing the April 9, 2014 sentencing order, stated that "credit was already given for time served." Order, 8/22/17. Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents three related issues:

1. Whether the lower court improperly determined that the credit at issue was absorbed by the parole board violation [sic].

2. Whether the lower court was in error when denying [Appellant's] motion for time credit because the time [Appellant] was requesting to get credit for did not go towards any other sentence.

3. Whether the lower court was in error in denying [Appellant's] motion for time credit because when [Appellant] signed the paperwork for the negotiated guilty plea he was under the impression that he would be given credit for time served.

Appellant's Brief at 1.

Appellant argues that he did not receive credit for his incarceration from the time he was arrested until the time he was sentenced. Appellant's Brief at 2. He concedes that the trial court "said that he would be given credit for time served." *Id.* He asks this Court to "reverse the decision of the trial court" and "direct the trial court to correct the commitment to include time credit for time served and any other relief this [C]ourt deems necessary." *Id.* at 3.

Preliminarily, we recognize that Appellant properly sought relief without invoking the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. ***Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. Super. 1989) (it is only

when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served as required by law in imposing a sentence that a challenge to the sentence is cognizable in PCRA proceedings) (italics in original).

Here, Appellant challenges the calculation of his time served. We have stated:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. **See Wilson v. Commonwealth, Bureau of Correction**, 85 Pa.Cmwlth. 32, 33-34, 480 A.2d 392, 393 (1984). If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed. **See Commonwealth v. Isabell**, 503 Pa. 2, 10, 467 A.2d 1287, 1291 (1983).

**Perry**, 563 A.2d at 512–13.

Although Appellant generally asserts, without further argument, that "ambiguities in a plea agreement must be construed against the government," the essence of his argument is that the Bureau of Corrections erred in computing his time credit. Appellant's Brief at 3. Appellant states, "Upon review, of the DC16E . . . the [C]ourt will see that [he] never received credit for [his] time." **Id.** at 2.[2] He continues, "when [he] received the DC16E . . .

---

[2] The DC16E is a form that is titled "Sentence Status Summary." It is issued by the Department of Corrections and provides details about an inmate's sentence, including minimum and maximum dates, sentence start date, commitment credit, and detainers.

the paperwork showed that [he] did not receive credit for time served, which was August 13, 2013 until April 9, 2014." *Id.*

Based on the foregoing, it appears that Appellant should have appealed his claim regarding the calculation of his time credit not to this Court, but to the Commonwealth Court. **Perry**, **supra**. **See also Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections**, 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (where a petitioner does not challenge the underlying sentence and instead seeks to compel the DOC to carry out the sentence imposed, the petition is properly filed in Commonwealth Court).

The above notwithstanding, the trial court addressed the merits of Appellant's claim, stating:

> As the sentencing order explicitly states, [Appellant] was to be given credit for time served. Since [Appellant] violated state parole, credit for time served was to be calculated by the Pennsylvania Department of Corrections.
>
> * * *
>
> The Pennsylvania Department of Corrections calculated [Appellant's] sentence in accordance with this [c]ourt's order; however, the initial calculation was incorrect. [Appellant] was awarded credit for time served from April 10, 2014 to August 23, 2014; however, as demonstrated in the original sentence status summary, the Department of Corrections failed to account for time served by [Appellant] from August 13, 2013 until January 6, 2014; as such, [Appellant's] controlling minimum date and maximum date were improperly set at January 7, 2019 and January 7, 2021, respectively. (*See* Commonwealth of Pennsylvania Sentence Status Summary dated June 9, 2017, attached hereto and marked as Exhibit "C"). After the undersigned contacted the Pennsylvania Department of Corrections at SCI Somerset, a revised status summary was completed; this summary accurately accounts for [Appellant's] commitment credit from August 13, 2013 to January 6, 2014 as well as his credit from April 10, 2014 to August 23,

2014.  [FN 1:  Credit for time served from January 7, 2014 to April 9, 2014 went to [Appellant's] prior case (CP-51-CR-0504501-2005).]  (*See* Commonwealth of Pennsylvania Sentence Status Summary dated March 30, 2018, attached hereto and marked as Exhibit "D").    [Appellant's]  controlling  minimum  date  and maximum date were also adjusted; these dates are now properly set at August 13, 2018 and August 13, 2020, respectively.

Trial Court Opinion, 4/5/18, at 3-4.

The trial court concluded that Appellant was not owed credit from August 13, 2013 to April 9, 2014 for the underlying case as he alleged in his petition, but rather, he was owed credit from August 13, 2013 to January 6, 2014.  The trial court stated that Appellant's sentence was corrected and he was given the proper credit.  Our review of the DC16E Sentence Status Summary, attached to the trial court's opinion as Exhibit D and dated March 30, 2018, confirms the trial court's narrative.[3]  The Remarks section reads: "Version 2 created to add credit at CP15897-2013," and "Version 2 – CP15897-2013 re-entry was also awarded credit of 8/13/2013-1/6/2014 (date of arrest to day before backtime range).  CP15897-2013 re-entry was awarded credit of 4/10/2014-8/23/2014 (date after backtime range to day before custody for return)."

For the above reasons, Appellant is not entitled to relief.

Order affirmed.

---

[3] In his brief, Appellant attaches only the earlier DC16E Sentence Status Summary, which as the trial court observed, is dated June 9, 2017. Appellant's Brief at Appendix B.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/18