**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered February 22, |
| | : | 2019 at No. 773 WDA 2017, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered |
| BRYAN HILL, | : | December 20, 2016 at No. CP-02- |
| | : | CR-0007301-2016. |
| Appellant | : | |
| | : | SUBMITTED: April 21, 2020 |

## OPINION

**JUSTICE BAER**                                    **DECIDED: SEPTEMBER 30, 2020**

In this opinion, we address whether Bryan Hill ("Appellant") has raised a non-waivable federal double jeopardy challenge to the legality of his sentence imposed for two guilty verdicts of driving under the influence ("DUI") of alcohol stemming from one act of DUI, and if so, whether the claim has merit.[1]  We conclude that Appellant's double jeopardy claim, solely as it relates to his second sentence for DUI, implicates the legality of his sentence, rendering the claim immune from waiver.  Regarding the substance of that claim, we need not reach a definitive conclusion that Appellant's sentence violates

---

[1] The Double Jeopardy Clause of the Fifth Amendment of United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]"  U.S. CONST. amend. V.  The Fifth Amendment "applies to the States through the Fourteenth Amendment."  *Commonwealth v. Johnson*, 231 A.3d 807, 819 (Pa. 2020) (citation omitted).

double jeopardy because his sentence is illegal on non-constitutional grounds.[2] Accordingly, we vacate in part the Superior Court's judgment, as well as Appellant's second DUI sentence.

In the early morning hours of April 22, 2015, several Penn Hills police officers, including Sergeant Joseph Blaze, were investigating a report of shots fired.[3] That investigation lead Sergeant Blaze to the intersection of Frankstown Road and Robinson Boulevard. As the sergeant drove through that intersection with a green light, he heard tires squealing and observed a dark gray vehicle speeding directly at him. Appellant was driving that vehicle. Appellant's vehicle entered the intersection in an uncontrolled skid and nearly hit Sergeant Blaze's police car. The sergeant turned his vehicle around and pursued Appellant. Other officers soon joined in the pursuit.

Sergeant Blaze and Officer Dustin Hess eventually observed Appellant walking away from his vehicle, which was parked in a residential driveway. As Appellant approached the front door of that residence, the officers noticed that he appeared to be intoxicated. Officer Hess ordered Appellant to stop so the officers could speak with him, but Appellant ignored the directive, choosing instead to pound on the front door of the home and to exclaim to the officers, *inter alia*, "I didn't almost hit you . . . I wasn't going too fast . . . I made it home." N.T., 10/14/2016, at 14-15. The officers ultimately escorted Appellant to the Penn Hills police station for chemical testing. Appellant, however, was belligerent and uncooperative. He refused to take a breathalyzer test.

Relevant to this appeal, the Commonwealth charged Appellant with two counts of DUI. More specifically, on July 1, 2016, the Commonwealth issued a criminal information

---

[2] *In re Fiori*, 673 A.2d 905, 909 (Pa. 1996) (stating that this Court adheres "to the sound tenet of jurisprudence that courts should avoid constitutional issues when the issue at hand may be decided upon other grounds").

[3] Penn Hills is a township located in the suburbs of the City of Pittsburgh.

charging Appellant with one count of DUI-general impairment, allegedly in violation of 75 Pa.C.S. §§ 3802(a)(1) and 3804(c)(1) ("Count 1") and a second count of DUI-general impairment, allegedly in violation of 75 Pa.C.S. §§ 3802(a)(1) and 3804(a)(1) ("Count 2").

To understand these charges, which are at the center of this appeal, it is necessary for us to explain the substance of the relevant portions of Sections 3802 and 3804 of the Vehicle Code. Section 3802 is entitled "Driving under the influence of alcohol or controlled substance." 75 Pa.C.S. § 3802. Subsection 3802(a)(1), for which Appellant was charged in both Counts 1 and 2, is entitled "General impairment" and states:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

Section 3804 of the Vehicle Code is entitled "Penalties" and provides specific, mandatory sentences for violations of Subsection 3802(a)(1) (DUI-general impairment), all of which, as explained below, include mandatory minimum sentences. Subsection 3804(c)(1), which Appellant was charged with violating in Count 1, states, in pertinent part, as follows:

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> (1) For a first offense, to:
>
> (i) undergo imprisonment of not less than 72 consecutive hours
>
> (ii) pay a fine of not less than $1,000 nor more than $5,000;
>
> (iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S. § 3804(c)(1).

Subsection 3804(a)(1), which Appellant was charged with violating in Count 2, states, in pertinent part, as follows:

**(a) General impairment.--**Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo a mandatory minimum term of six months' probation;

(ii) pay a fine of $300;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

75 Pa.C.S. § 3804(a)(1).

Thus, Count 1 charged Appellant with DUI-general impairment (75 Pa.C.S. § 3802(a)(1)) coupled with the penalty provision for refusing to submit to a breath test (75 Pa.C.S. § 3804(c)(1)), and Count 2 charged Appellant with DUI-general impairment (75 Pa.C.S. § 3802(a)(1)) coupled with the generic penalty provision for DUI-general impairment (75 Pa.C.S. § 3804(a)(1)). Appellant filed several pre-trial motions; however, he did not object to being charged with these two separate counts of DUI.

Following a bench trial, the trial court found Appellant guilty of, *inter alia*, the two-previously mentioned counts of DUI. Appellant did not object to the verdict. In December of 2016, the court sentenced Appellant. For Count 1, the court sentenced Appellant consistent with Subsection 3804(c)(1) of the Vehicle Code (relating to a defendant

convicted of DUI-general impairment who also refused to submit to a breathalyzer) by, *inter alia*, imposing a sentence of three to six days of incarceration, followed by six months of probation. Regarding Count 2, the court did not sentence Appellant consistent with the DUI statutory scheme. Rather, the court chose to sentence Appellant pursuant to 42 Pa.C.S. § 9721(a)(2) by entering a "determination of guilt without further penalty."[4]

As we will discuss below, this sentencing option factors into our disposition of this appeal; thus, we pause to explain it. In so doing, we observe that Section 9721 of the Sentencing Code is entitled "Sentencing generally," and as that title implies, Section 9721 applies to the general practice of sentencing in criminal matters. Subsection 9721(a)(2), *i.e.*, the provision that the trial court elected to employ in sentencing Appellant for his second conviction for DUI-general impairment, grants trial courts the discretion, in determining the sentence to be imposed, to select "[a] determination of guilt without further penalty." 42 Pa.C.S. § 9721(a)(2). However, that discretion is limited.

Indeed, Subsection 9721(a.1) of the Sentencing Code sets forth several limitations to a court's ability to sentence a defendant pursuant to Subsection 9721(a), which is inclusive of Subsection 9721(a)(2). Relevant to this matter, Subsection 9721(a.1)(1) states that Subsection 9721(a) "shall not apply where a mandatory minimum sentence is otherwise provided by law." 42 Pa.C.S. § 9721(a.1)(1). Notably, Appellant did not object to his sentences. Further, Appellant filed a post-sentence motion, but he did not raise any issues concerning his two DUI convictions or sentences. That motion eventually was deemed denied by operation of law.

---

[4] Subsection 9721(a)(2) of the Sentencing Code states, in full, as follows: "In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently[ . . . a] determination of guilt without further penalty." 75 Pa.C.S. § 9721(a)(2).

Appellant then appealed to the Superior Court. While he presented several issues to the Superior Court that are not relevant to his current appeal to this Court, he again did not challenge his two DUI convictions or sentences on double jeopardy or any other grounds. The Superior Court affirmed Appellant's judgment of sentence in an unpublished memorandum. *Commonwealth v. Hill*, 209 A.3d 1089 (Pa. Super. 2019) (unpublished memorandum). Appellant then filed a petition for allowance of appeal ("PAA") in this Court. *Commonwealth v. Hill*, 76 WAL 2019.

Appellant raised two issues in his PAA. Pertinent to the instant matter, Appellant argued, for the first time, that he is "entitled to have his conviction and sentence at Count 2 vacated, as that conviction and sentence violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution." PAA at 44. Thus, Appellant asserted, his double conviction and sentence for one act of DUI resulted in an illegal sentence - a claim that he allegedly was not required to preserve in the trial court. Stated differently, Appellant asked this Court to examine whether a double jeopardy claim relating to his second DUI conviction and sentence implicated the legality of his sentence, rendering his claim non-waivable, and if so, whether that claim warranted appropriate relief.

We granted Appellant's PAA, limited to the following issues, as rephrased by the Court in its order granting *allocatur*:

> (a) Whether a double jeopardy challenge to dual convictions and sentences under 75 Pa.C.S. § 3802(a)(1) for a single incident of driving under the influence implicates the legality of the sentence, where a defendant was sentenced to imprisonment and probation on one count, and a sentence of guilt without further penalty on the second count.
>
> (b) Whether double jeopardy protections under the Fifth Amendment to the United States Constitution prohibit: (1) dual convictions under 75 Pa.C.S. § 3802(a)(1) arising from a single incident of driving under the influence, or (2) the imposition of a sentence of imprisonment on one count of DUI and guilt without further penalty on a second count of DUI.

*Commonwealth v. Hill*, 217 A.3d 798 (Pa. 2019) (*per curiam*).

Appellant's first issue focuses on whether he waived his double jeopardy claim by raising it for the first time in his PAA filed in this Court. Appellant concedes that, generally speaking, an appellant waives any claim that he fails to preserve in the trial court. He, however, highlights that this general rule does not apply to issues implicating the legality of sentences. Rather, Appellant argues, an appellant does not waive a challenge to the legality of his sentence if he raises it for the first time on appeal. Citing to, *inter alia*, this Court's decision in *Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011) (plurality), Appellant insists that issues related to double jeopardy implicate the legality of a sentence.

At this point, we note that, in his principal brief to this Court, Appellant clearly and repeatedly states that his double jeopardy challenge involves the trial court's ability both to convict and sentence him twice for one act of DUI. *See, e.g.*, Appellant's Brief at 14 (explaining that Appellant's "double jeopardy claim centers upon whether the trial court could convict and sentence him for two counts of DUI based upon a single criminal act"). As to the inclusion of Appellant's second DUI conviction into his alleged challenge to the legality of his sentence, Appellant primarily relies on a stand-alone concurring opinion in *Commonwealth v. Spruill*, 80 A.3d 453, 464 (Pa. 2013) (Saylor, J., concurring), wherein then-Justice, now-Chief Justice, Saylor opined that, because "a conviction is the essential supporting infrastructure for a sentence, I suggest that 'illegality' with respect to the former extends to the latter as well. The alternative is for courts to accept as legal a sentence which is grounded upon an illegal conviction." *Spruill*, 80 A.3d at 464 (citation omitted). Based upon this quote, Appellant submits that the trial court in the matter *sub judice* could not convict and sentence him for two counts of DUI based upon a single criminal act, which, he suggests, presents a colorable argument of an illegal sentence under the Fifth Amendment's Double Jeopardy Clause - a claim that he allegedly could raise for the first

time in his PAA without suffering the consequences of waiver. *See* Appellant's Brief at 11 (quoting *Commonwealth v. Isabell*, 467 A.2d 1287, 1290-91 (Pa. 1983) (stating that "where the sentencing court imposes two sentences for a single act[,] we have held the issue may be raised for the first time on appeal")).

Appellant cites a number of additional cases in support of this position, but his reliance on the Superior Court's decision in *Commonwealth v. Farrow*, 168 A.3d 207 (Pa. Super. 2017), is noteworthy. In that case, Farrow caused an accident while DUI. For that single incident of DUI, she was charged with, *inter alia*, three different DUI violations: (1) count one charged her with DUI-general impairment and refusing breath/blood alcohol testing, allegedly in violation of 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3804(c); (2) count two charged Farrow with DUI-general impairment where an accident resulting in damage to a vehicle occurred, allegedly in violation of 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3804(b) (mandating a sentence for defendants convicted of DUI who also, *inter alia*, triggered an accident that caused damage to a vehicle); and (3) count three charged her with DUI-general impairment in violation only of 75 Pa.C.S. § 3802(a)(1).

Following a bench trial, the trial court found Farrow guilty of all three DUI counts. Regarding count one, the court sentenced her to three to six days of incarceration with a concurrent term of six months of probation. As to the remainder of the counts, the court entered a "determination of guilt without further penalty" pursuant to 42 Pa.C.S. § 9721(a)(2). On appeal to the Superior Court, Farrow argued that the trial court violated principles of double jeopardy by convicting and sentencing her for three counts of DUI stemming from a single act of DUI.

Before reaching the merits of this claim, the Superior Court in *Farrow* addressed the Commonwealth's position that Farrow waived her claim by failing to preserve it in the trial court. In response, Farrow contended that: (1) two of her DUI convictions were

unlawful, despite the fact that the trial court imposed no additional penalty for the convictions; and (2) because a sentence pursuant to 42 Pa.C.S. § 9721(a)(2) may include a "determination of guilt without further penalty," the trial court impermissibly imposed multiple sentences for a single criminal act. After summarizing these arguments, the Superior Court opined that because "these contentions plainly challenge the validity of [Farrow's] judgment of sentence under double jeopardy principles, we conclude that the present claim is not subject to waiver and may be raised for the first time on appeal." *Farrow*, 168 A.3d at 213.

Concerning the merits of Farrow's claim, the Superior Court ultimately held that the trial court violated double jeopardy principles by imposing three sentences "at three counts that each alleged, at bottom, a single criminal act in violation of the same criminal statute." *Id.* at 216 (footnote omitted). Based on this conclusion, the court vacated two of Farrow's three DUI sentences, as well as two of her three DUI convictions.[5] Here, Appellant suggests that he is entitled to similar relief.[6]

---

[5] The *Farrow* court's decision to vacate two of Farrow's DUI convictions is curious, as the court asserted in its opinion that, "[w]hile it is clear that double jeopardy shields defendants from multiple punishments for the same offense, there is no Pennsylvania authority for the proposition that double jeopardy precludes multiple convictions for the same offense." *Farrow*, 168 A.3d at 215 (emphasis removed). Further, the court seemingly refused to adopt the position that double jeopardy protections preclude multiple convictions for the same offense. *See id.* (stating that "[g]iven that Pennsylvania's double jeopardy jurisprudence prohibits multiple punishments, but not convictions, for the same offense, we are reluctant to incorporate and apply the holding in [*Ball v. United States*, 470 U.S. 856 (1985) (concluding that although the government could present a multicount indictment against a defendant for receiving and possessing the same weapon where a single act established the receipt and possession, the defendant could not receive two convictions or sentences on that indictment),] as a component of Pennsylvania law." *Id.* Yet, the court indisputably vacated two of Farrow's DUI convictions, as well as two of her sentences, based upon her claim that double jeopardy principles rendered her sentences illegal.

[6] The Defender Association of Philadelphia filed an *amicus* brief in support of Appellant.

In response, the Commonwealth expresses its view that Appellant is not, in fact, presenting a pure sentencing claim. In support of its position, the Commonwealth maintains that Appellant's challenge is not limited to his sentence; rather, as Appellant concedes in his principal brief, his claim incorporates a challenge to his conviction on a second count of DUI. The Commonwealth argues that, because Appellant's double jeopardy claim is, in reality, a challenge to his DUI conviction, and not solely to his sentence, the claim is waived as a result of Appellant's failure to preserve it below. The Commonwealth acknowledges that the Superior Court's result in *Farrow* is inconsistent with its position herein but suggests that this Court should disapprove *Farrow*'s result in conformity with the reasoning the court employed in the body of its opinion, as explained *supra* at 9 n.5.

The Commonwealth finds this Court's majority opinion in *Spruill*, *supra*, to be particularly instructive in this matter. Therein, Spruill was charged with several counts of aggravated assault. The bills of information listed the counts as first-degree felonies ("F1"); however, "the descriptions in the bills of information encompassed the elements of both F1 aggravated assault and second-degree felony ('F2') aggravated assault." *Spruill*, 80 A.3d at 455. In relevant part, the trial court convicted Spruill of F2 aggravated assault and later sentenced her. At no time did Spruill raise an objection in the trial court to the grading of her conviction as an F2. Instead, Spruill first alluded to that claim in her Pa.R.A.P. 1925(b) statement after she appealed her judgment of sentence to the Superior Court.

In the Superior Court, Spruill contended that, after the Commonwealth filed the bills of information, it abandoned the F2 charge. The Commonwealth suggested that Spruill waived this claim by failing to raise it in the trial court. The Superior Court disagreed with the Commonwealth, concluding that "a claim that the trial court improperly

imposed a sentence on an offense lower than the offense charged in the criminal information goes to the legality of the sentence, and thus cannot be waived." *Id.* at 457 (citation omitted). The Superior Court then concluded that Spruill's claim had merit; accordingly, the court vacated her F2 aggravated assault conviction. The Commonwealth filed a PAA, which this Court granted to address whether Spruill's claim "was non-waivable because it implicated the legality of [her] sentence." *Id.* at 458.

This Court concluded that Spruill waived her claim regarding her F2 conviction. The thrust of our reasoning was that the claim involved Spruill's underlying conviction, not her sentence. Thus, we opined, "the failure to forward a contemporaneous objection to the court's verdict cannot be excused by resort to an 'illegal sentence' doctrine." *Id.* at 461 (footnote omitted). Applying *Spruill* to the instant matter, the Commonwealth contends that Appellant is attacking the legality of her DUI conviction, not her sentence, and thus, like Spruill, Appellant waived her claim by failing to raise it in the trial court.

In his reply brief, Appellant disingenuously maintains that the Commonwealth misconstrues the issue in this case. Specifically, Appellant takes a position inconsistent with that presented in his principal brief and insists that he is not challenging the validity of any of his DUI convictions. Rather, he suggests that he solely is challenging the consequences of those convictions - "the multiple sentences and punishments for the same criminal act." Appellant's Reply Brief at 2. Indeed, according to Appellant, the issue in this case is "very narrow: whether one act of DUI can garner a jail sentence and a sentence of 'no further penalty,' [because] both constitute a punishment." *Id.* at 3 (emphasis removed). Appellant further maintains that the fact that he is not challenging his convictions distinguishes this case from *Spruill*, where Spruill attacked his F2 aggravated assault conviction, not his sentence for that conviction. Yet, despite Appellant's stance in his reply brief that he is not challenging his DUI convictions, he

nonetheless invites the Court, on more than one occasion, to vacate his second DUI conviction because it allegedly is illegal. *See, e.g.*, Appellant's Reply Brief at 3-4 n.2 (asserting that this Court could "set aside Pa.R.A.P. 302(a) here and find that the conviction at Count 2 was unconstitutional and vacate that conviction . . .").[7]

We first examine whether Appellant's claim implicates the legality of his sentence, thereby eliminating any concerns of waiver of the issue for failing to preserve it below. Generally speaking, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The issue preservation requirement ensure[s] that the trial court that initially hears a dispute has had an opportunity to consider the issue[,] which in turn advances the orderly and efficient use of our judicial resources[,] and provides fairness to the parties." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1274 (Pa. 2014) (internal quotation marks omitted). However, challenges to the legality of sentences are an exception to this general issue-preservation rule. Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may raise and address such an issue *sua sponte*. *Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017). Here, Appellant did not raise his double jeopardy challenge in the trial court; thus, under the general issue-preservation rule, his claim is waived. As noted above, however, Appellant contends that he can raise his issue for the first time on appeal because it implicates the legality of his sentence.

This Court's struggles with defining the contours of the illegal-sentence doctrine are well-documented. *See, e.g., Spruill*, 80 A.3d at 460 ("This Court's experience with claims allegedly implicating sentencing legality has not always been smooth.");

---

[7] Whether Appellant waived his sentencing claim presents a pure question of law. "Accordingly, our scope of review is plenary, and our standard of review is *de novo*." *In re Grand Jury Investigation No. 18*, 224 A.3d 326, 332 (Pa. 2020) (footnote omitted).

*Commonwealth v. Barnes*, 151 A.3d 121, 124-26 (Pa. 2016) (observing that the Court "wrestled" with the illegal-sentence/issue-preservation doctrine in *Foster*, *supra*, and explaining the Justices' various expressions on the topic). As this Court detailed in *Barnes*, the most recent debates regarding issue preservation, as it relates to the illegal-sentence doctrine, have centered on whether that doctrine should apply only when a sentencing claim suggests that the appellant may have received a sentence above the statutory maximum. *Id.* at 125 (explaining the view that, prior to *Foster*, *supra*, "the typical legality of sentence issue involved one where the appellant received a sentence above the statutory maximum"). The *Barnes* Court rejected this view, concluding that, when a statutory scheme that strips sentencing courts of discretion is deemed unconstitutional and void on its face, "any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." *Id.* at 127.

Here, we are faced with a different question: whether a claim implicates the legality of sentence and, thus, is an exception to issue-preservation principles when the appellant contends, for the first time on appeal, that his second DUI conviction or sentence for one act of DUI violates double jeopardy protections.[8] Appling the current state of the law, we hold that, pursuant to *Spruill*, Appellant has waived any complaint he has concerning his second DUI conviction as he failed to preserve that issue below, but that his challenge to his second sentence for DUI implicates the legality of his sentence, rendering that part of his claim non-waivable.

---

[8] As detailed above, Appellant presents the Court with conflicting and confusing argument as to whether his sentencing claim includes an attack on his second DUI conviction and sentence or solely on his second sentence for DUI. Given the totality of Appellant's arguments, and his request for relief in his principal brief, we conclude that Appellant's claim includes a challenge to the legality of his second DUI conviction, as well as his second DUI-related sentence. Appellant's Brief at 46 (asking the Court "to reverse his conviction and vacate his judgment of sentence").

Specifically, to the extent that Appellant seeks relief from his second DUI conviction, we find that this Court's decision in *Spruill* renders this portion of his claim waived. As we discussed in detail *supra* at 10-11, Spruill was convicted and sentenced for F2 aggravated assault. On appeal to the Superior Court, Spruill argued, for the first time, that she could not have been convicted of F2 aggravated assault because the Commonwealth abandoned that charge at trial. Although the Superior Court found that claim to be a non-waivable challenge to the legality of Spruill's sentence and granted her relief, this Court disagreed.

In so doing, we concluded that Spruill, in reality, was challenging her F2 conviction and not her sentence for that conviction. We, therefore, stated, that "the failure to forward a contemporaneous objection to the court's verdict cannot be excused by resort to an 'illegal sentence' doctrine." *Spruill*, 80 A.3d at 461 (footnote omitted). Stated differently, because Spruill's claim concerned her conviction and not her sentence, the claim did not implicate the legality of her sentence for purposes of issue preservation. Here, as Appellant seemingly concedes in his reply brief, pursuant to *Spruill*, any attack Appellant brought for the first time in his PAA concerning his second DUI conviction does not implicate the legality of his sentence and, thus, should have been presented, at the latest, when the trial court reached its verdict. *Id.* Accordingly, to the extent that Appellant sought to undermine his second DUI conviction for the first time in his PAA, we find that portion of his issue waived.

We now turn to Appellant's contention that his double jeopardy challenge to his second DUI-related sentence implicates the legality of his sentence and, thus, is non-waivable. The federal double jeopardy clause offers several protections. Chief among those protections is the clause's safeguard against "multiple punishment for the same offense at one trial." *Commonwealth v. Mills*, 286 A.2d 638, 641 (Pa. 1971). In the matter

*sub judice*, Appellant maintains that the trial court sentenced and, therefore, punished him twice for the same DUI offense. If this claim is correct, then the trial court was constitutionally prohibited from punishing Appellant for his second DUI conviction. We, therefore, are convinced that Appellant did not waive this portion of his sentencing claim, as it implicates the legality of sentence, rendering the issue non-waivable, despite the fact that Appellant raised it for the first time in his PAA.[9]

Our decision in this regard is reinforced by this Court's opinion in *Commonwealth v. Norris*, 446 A.2d 246 (Pa. 1982), which was brought to our attention by Appellant's *amicus*, the Defender Association of Pennsylvania. *Amicus* Brief at 6. In that case, Norris claimed, *inter alia*, that "because his convictions for rape and corruption of a minor arose from the same act of sexual intercourse, the imposition of separate though concurrent sentences for these distinct crimes constitutes error." *Id.* at 251. In other words, comparable to Appellant's current contention, Norris argued that his "sentences [were] duplicitous and, therefore, violative of the double jeopardy clause of the United States Constitution." *Id.* The Commonwealth took the position that Norris waived this claim by failing to preserve it in the trial court. This Court rejected that notion, concluding that Norris was challenging the legality of his sentence and, thus, did not waive his claim. *Id.* at n.9; *see Isabell*, 467 A.2d at 1290-91 (stating that "where the sentencing court imposes two sentences for a single act[,] we have held the issue may be raised for the first time on appeal"). Consistent with the rationale underlying our decision in *Norris* and for the reasons stated above, we conclude that Appellant's double jeopardy claim, as it relates to his second DUI sentence, presents a non-waivable challenge to the legality of his

---

[9] This conclusion should not be interpreted as requiring this Court to grant allowance of appeal in every instance when a Petitioner's sentence potentially is illegal and the Petitioner failed to raise that sentencing issue in the lower courts. The decision to grant allowance of appeal remains, as always, in this Court's sound discretion. Pa.R.A.P. 1114(a).

sentence.[10]  Accordingly, we now turn our attention to whether Appellant's second DUI sentence is illegal.  This issue also presents a question of law; thus, our scope of review is plenary, and our standard of review is *de novo.*  *Supra*, at 12 n.7.

As we observed above, one of the important protections offered by the federal double jeopardy clause is its guarantee against "multiple punishment for the same offense at one trial."  *Mills*, 286 A.2d at 641.  Here, Appellant was convicted twice for the same substantive criminal offense at one trial, DUI-general impairment, in violation of 42 Pa.C.S. § 3802(a)(1).  He indisputably was punished once for committing that offense in the form of a sentence that comported with the "Penalties" provision of the DUI statute that is applicable when a defendant is found guilty of DUI-general impairment and the defendant refused to take a breathalyzer test, namely 42 Pa.C.S. § 3804(c)(1).

As to his second conviction for DUI-general impairment, the trial court, for sentencing purposes, entered a "determination of guilt without further penalty" pursuant to 42 Pa.C.S. § 9721(a)(2).  The question, therefore, would become whether a "determination of guilt without further penalty" constitutes an additional "punishment" for purposes of a double jeopardy analysis.  A large portion of Appellant's argument regarding this question is dedicated to the contention that his second DUI conviction violates the guarantees against double jeopardy.  Appellant's Brief at 22-41.  In particular, he maintains that the mere fact of a conviction alone qualifies as punishment for constitutional purposes under *Ball v. United States*, 470 U.S. 856, 864-65 (1985) (noting that convictions have adverse collateral consequences and are "punishment" even if no greater sentence is imposed).  However, because we have found that Appellant waived

---

[10] As discussed in detail *supra* at 9 n.5, the Superior Court in *Farrow* seemingly reviewed and definitively vacated two of Farrow's DUI convictions based upon her challenge to the legality of her DUI sentences.  *Farrow*, 80 A.3d at 219.  To the extent that *Farrow* is inconsistent with the conclusion we reach today, it is disapproved.

his attack on his conviction, we will not address this argument further. Indeed, we will not directly address the constitutionality of Appellant's sentence, as we elect to resolve this appeal on non-constitutional grounds.[11] *See In re Fiori*, 673 A.2d at 909 (stating that this Court adheres "to the sound tenet of jurisprudence that courts should avoid constitutional issues when the issue at hand may be decided upon other grounds").

As Appellant points out in his principal brief, "Section 3804 [of the Vehicle Code], entitled 'Penalties,' is a sentencing scheme that dictates a variety of mandatory sentences for violations of Section 3802 to be applied under certain conditions." Appellant's Brief at 28. Indeed, pursuant to Section 3804 of the Vehicle Code, the Legislature, by repeated use of the term "shall," plainly mandates that courts sentence defendants found guilty of DUI-general impairment in specific ways. *See* 75 Pa.C.S. § 3804(a) ("Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows . . ."); *id.* at § 3804(b) ("Except as set forth in subsection (c), an individual who violates section 3802(a)(1) where there was an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property or who violates section 3802(b), (e) or (f) shall be sentenced as follows . . ."); and *id.* at § 3804(c) ("An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) shall be sentenced as follows . . ."). Thus, the mandatory nature of the sentences delineated in Section 3804 of the Vehicle Code for violations of Subsection 3802(a) deprived the trial court of the legal authority to sentence Appellant pursuant to the general

---

[11] Although Appellant does not attack his sentence on non-constitutional grounds, we reiterate that an appellate court may *sua sponte* raise and address issues concerning illegal sentences. *Batts*, 163 A.3d at 434.

sentencing provisions contained in 42 Pa.C.S. § 9721(a), rendering the trial court's selection of a "determination of guilt without further penalty," under Subsection 9721(a)(2) of the Sentencing Code, illegal. *See Batts*, 163 A.3d at 435 (noting this Court's difficulties with defining the concept of an illegal sentence but observing that "[t]here is no dispute . . . that a claim challenging a sentencing court's legal authority to impose a particular sentence presents a question of sentencing legality").

Our conclusion in this regard is bolstered by the plain language of Subsection 9721(a.1)(1) of the Sentencing Code. As discussed above, that statutory provision clearly states that the general sentencing options contained in Subsection 9721(a), which obviously includes a "determination of guilt without further penalty," "shall not apply where a mandatory minimum sentence is otherwise provided by law." 42 Pa.C.S. § 9721(a.1)(1). The DUI-sentencing scheme found in Section 3804 of the Vehicle Code, which plainly applies to Appellant's DUI-general impairment convictions, unambiguously includes mandatory minimum sentences. *See, e.g.,* 75 Pa.C.S. § 3804(a)(1)(i) (mandating that, for a first conviction for DUI-general impairment, the defendant shall "undergo a mandatory minimum term of six months' probation"); *id.* at § 3804(b)(1)(i) (dictating that, for a first conviction for DUI-general impairment where the defendant also was involved in an accident that caused, *inter alia*, injury or death to any person, the defendant shall "undergo imprisonment of not less than 48 consecutive hours"); and *id.* at § 3804(c)(1)(i) (stating that, for a first conviction for DUI-general impairment where the defendant, *inter alia*, refused to submit to a breath test, the defendant shall "undergo imprisonment of not less than 72 consecutive hours"). Consequently, when a defendant is found guilty of violating Subsection 3802(a) of the Vehicle Code, the inclusion of a mandatory minimum sentence in the DUI-sentencing scheme renders the sentencing options under Subsection 9721(a) of the Sentencing Code unavailable to the court. For

all of these reasons, we respectfully conclude that the trial court's "determination of guilt without further penalty" concerning Appellant's second DUI conviction is illegal as a matter of law. We, therefore, must vacate that sentence.

After vacating this sentence, Appellant is left with a conviction at Count 2 for DUI-general impairment for which he ordinarily would receive a mandatory sentence pursuant to Section 3804 of the Vehicle Code. However, that conviction stems from the same act of DUI for which Appellant already has been punished by receiving a sentence at Count 2 pursuant to Subsection 3804(c)(1) of the Vehicle Code; thus, any further penalty for that act would result in a violation of the federal double jeopardy clause. *Mills*, 286 A.2d at 641 (observing that the federal double jeopardy clause protects against "multiple punishment for the same offense at one trial"). We acknowledge the curious nature of this outcome, *i.e.*, a conviction without a sentence; however, Appellant's failure to challenge timely his DUI conviction at Count 2 precludes the Court from rectifying the circumstance. Accordingly, we vacate in part the Superior Court's judgment and the trial court's "determination of guilt without further penalty," as it relates to Appellant's second DUI conviction.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.

Justice Wecht files a concurring opinion.